USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 9, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

RAYMOND WRIGHT,

                Plaintiff,

                -v-                16-cv-4526 (KBF)

PRICEWATERHOUSECOOPERS, LLC,      OPINION & ORDER
CPA PLAMEN KIRILOV KOVACHEV
    (a/k/a Paul K. Kovachev),
ESQ. RALPH GERSTEIN,
HOLLY GEMME

                Defendants.

------------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

    The initial complaint in this action was filed on June 15, 2016. The operative, amended complaint was filed as of right on September 30, 2016. (ECF No. 8.) All defendants have moved to dismiss the complaint in its entirety.[1] On November 1, 2016, the Court notified plaintiff that he faced sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure if his complaint was frivolous or in bad faith; the Court cautioned the plaintiff that he should carefully consider whether to withdraw his action as to some or all of the defendants voluntarily. (ECF No. 25 at 2.) Plaintiff continued to pursue his claims as to all defendants.

---

[1] Defendant Holly Gemme, acting pro se, answered the amended complaint (ECF No. 18) but has since moved to dismiss. The Court construes her motion liberally as arising under Rule 12(c) of the Federal Rules of Civil Procedure.

For the reasons set forth below, the motions to dismiss the Amended Complaint are GRANTED in their entirety. While the Court has carefully considered the sanctions motions brought by certain parties, the Court DENIES them at this time on the basis that it appears that the plaintiff be acting under some disability and may not appreciate the consequences of his actions.

I.   THE COMPLAINT

The Amended Complaint is a lengthy and bizarre description of events that this Court finds difficulty to summarize or describe. Having reviewed the Amended Complaint and its attachments now a number of times, it is certainly clear that it fails to comply with the most basic pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. That is, while plaintiff provides names to each of his eight causes of action that are comprehensible (e.g., Fraud, Breach of Contract, Libel, New York Civil Rights Law, RICO), his allegations are simply incomprehensible to state any claim.

As best the Court can tell, the Amended Complaint alleges that plaintiff Wright is a 73 year old man who considers himself a business consultant. ((ECF No. 8, Plaintiff's Amended Complaint ("Am. Compl.") at 2.) Somewhat ironically, he asserts that crux of his claim concerns the misuse and theft of certain intellectual property he developed relating to alternative dispute resolution ("ADR Intellectual Property"). (Id. at 2.) The Amended Complaint never makes clear what the form of intellectual property is—whether it is simply an idea or whether it has been reduced to some tangible medium of expression.

2

Wright alleges that defendant Plamen Kirilov Kovachev, who was employed by PricewaterhouseCoopers, volunteered to assist Wright in some manner in connection with his ADR Intellectual Property. (Id. at 2-3.) Wright next alleges that defendant Gerstein is a lawyer who was a "confederate" with Kovachev, and worked with Kovachev to renege on a non-disclosure agreement apparently signed by a "job applicant" that was "preliminary to Wright's mapping out how (e.g.) [Kovachev] and Gerstein were to market his IP ADR / Business Conservator services." (Id. at 3.)

Wright alleges that wanted Gerstein and Kovachev to work as mediators; somehow defendant Gemme, referenced as a "wealthy eldercare operator." (Id.) Wright asserts that Gemme has worked with lawyers and accountants such as Kovachev and Gerstein in the past. (Id.) Wright further alleges that Gemme "induced" Wright to "invest his retirement money, his materi[a]l, management-and-marketing expertise into partnering with her." (Id.) Wright then makes assertions regarding certain negative past acts by Gemme. (Id. at 3-4.)

According to Wright, for some reason he sought to have ADR job applicants to be "vetted" by Gemme. (Id. at 4.) But, rather than working with Wright, defendants PwC, Kovachev, Gerstein and Gemme competed against him. (Id. at 4) He alleges that in so doing, they engaged in dirty tricks and falsehoods. (Id. at 4-5.) He next alleges that PwC, on behalf of the other defendants, made certain filings with the Better Business Bureau ("BBB") about Wright. (Id. at 5.)

Based on these core assertions, Wright then alleges various causes of action.

3

II. LEGAL STANDARDS

   A. Standard of Review

Despite the well-established rule in this Circuit that pro se complaints are to be examined with "special solicitude," liberally construed and interpreted to raise "the strongest arguments they suggest," see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), a pro se plaintiff must still, to survive a motion to dismiss, plead enough facts to state a claim to relief that is plausible on its face, see Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). This must be "more than an unadorned, the-defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a claim survives a motion to dismiss under 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

At the motion to dismiss stage, a court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)) (internal quotation marks omitted); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Court may also consider a document that is not

incorporated by reference or attached to the counterclaim if the counter-plaintiff "relies heavily upon its terms and effect." Chambers, 282 F.3d at 153 (quoting Int'l Audiotext Network, 62 F.3d at 72) (internal quotation marks omitted)).

All complaints, including those filed by a pro se plaintiff, must comply with the basic principles of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 provides that every complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." These "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Rule 8 "asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability," it cannot survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations marks and citations omitted).

III. DISCUSSION

This Court has read and re-read the Amended Complaint and simply cannot make head or tail of it. The Court's review of the pleading suggests that plaintiff is operating under some form of disability.

The essential lack of clarity in the Amended Complaint renders it infirm under Rule 8. None of his claims make sense, and he has failed to set forth essential elements of each.

The Court has compared the allegations of the Amended Complaint against the elements for each of the claims asserted and finds that each of his claims fail. The allegations are insufficient to plausibly suggest a basis for relief.

5

Accordingly, the Court dismisses the case in its entirety. As plaintiff has already repled his claims once, and has not requested an opportunity to replead his claim, the dismissal is with prejudice.

The Court has also considered the motions for sanctions. Because the Court is persuaded that plaintiff may well be operating under some form of disability, it declines to impose sanctions. The motions to dismiss are GRANTED and the motions for sanctions are DENIED. All pending motions are terminated; this action is terminated.

Furthermore, the Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         August 9, 2017

_____
KATHERINE B. FORREST
United States District Judge

Copies to:

Raymond Wright
10 Waterside Plaza #6H
New York, NY 10010

Ralph Gerstein
12 Canoe Brook Drive
West Windsor, NJ 08550

Holly Gemme
108 Crystal Ave.
Staten Island, NY 10302